# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE INTERFACE TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 12-1283-RGA |
| FERRARI NORTH AMERICA, INC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## DEFENDANT FERRARI NORTH AMERICA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF VEHICLE INTERFACE TECHNOLOGIES, LLC'S COMPLAINT

Defendant Ferrari North America, Inc. ("FNA") sets forth its Answer, Affirmative Defenses and Counterclaims in response to the Complaint filed by Plaintiff, Vehicle Interface Technologies, LLC ("VIT"), on October 5, 2012, as follows:

### THE PARTIES

1.   Vehicle Interface Technologies, LLC is a Delaware limited liability company.

**ANSWER**: FNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

2.   On information and belief, Defendant is a Delaware corporation with its principal office at 250 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: FNA admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. The remaining allegations in Paragraph 3 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, FNA admits that this Court has jurisdiction over the subject matter of this action in accordance with 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm VIT in this District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

**ANSWER**: The allegations in Paragraph 4 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, FNA admits that it is a Delaware corporation. FNA denies the remaining allegations in Paragraph 4, and specifically denies any act of infringement.

5.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

**ANSWER**: The allegations in Paragraph 5 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 5, and specifically denies that venue is proper in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,842,677

6. VIT is the owner by assignment of United States Patent No. 6,842,677 to Prakash S. Pathare, (the "Pathare Patent"), entitled "Vehicle User Interface System and Method." The application for the Pathare Patent was filed on February 28, 2003. The patent issued on January 11, 2005. A true and correct copy of the Pathare Patent is attached as Exhibit A.

**ANSWER:** FNA admits that U.S. Patent No. 6,842,677 ("the '677 patent") is entitled "Vehicle User Interface System and Method." FNA admits that the cover page of the '677 patent identifies the filing date as February 28, 2003. FNA admits that the cover page the '677 patent identifies the date of issuance as January 11, 2005. FNA admits that Exhibit A to the Complaint includes what VIT purports to be a copy of the '677 patent. FNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies them.

7. Defendant has been and now is directly infringing the Pathare Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that include a computing system and a display that includes a fixed area to display vehicle information, e.g., speed, gas level, etc., and a selectable area to display a plurality of pages, each of which include at least one parameter for at least one of the vehicle's optional subsystems and wherein the fixed and selectable areas each comprise a unique and static portion of the display. The computing system communicates with the display and operates the plurality of optional subsystems based on at least one parameter. In addition, the infringing products and services include one or more input devices in communication with the computing system and located on the vehicle's steering device and/or the secondary display. The infringing products and services include, for example, Defendant's 458 Spider, and various versions thereof.

**ANSWER:** FNA denies the allegations in Paragraph 7.

8. By engaging in the conduct described herein, Defendant has injured VIT and is thus liable for infringement of the Pathare Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** FNA denies the allegations in Paragraph 8.

3

9. Defendant has committed these acts of infringement without license or authorization.

**ANSWER:** FNA denies any act of infringement requiring license or authorization from VIT.

10. To the extent that facts learned in discovery show that Defendant's infringement of the Pathare Patent is, or has been willful, VIT reserves the right to request such a finding at the time of trial.

**ANSWER:** Because Paragraph 10 to the Complaint constitutes an inappropriate attempt to plead willful infringement without any supporting facts or evidence, no response should be required. To the extent a response is required, FNA objects to VIT's alleged reservation of rights, and denies any act of willful infringement.

11. As a result of Defendant's infringement of the Pathare Patent, VIT has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and VIT will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

**ANSWER:** FNA denies the allegations in Paragraph 11.

12. VIT has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the Pathare Patent.

**ANSWER:** FNA denies the allegations in Paragraph 12.

## **DEFENSES**

Responding further to VIT's Complaint, without any admission as to the burden of proof or as to any of the averments in the Complaint, and without prejudice to FNA's rights to plead

additional defenses as discovery into the facts of the matter warrants, FNA sets forth the following defenses:

### First Defense
### (Noninfringement)

FNA has not infringed, does not infringe, and will not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any valid claim of the '677 patent.

### Second Defense
### (Invalidity)

The claims of the '677 patent are invalid, void, or unenforceable because they fail to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.* and, more particularly, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Defense
### (Estoppel)

As a result of proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '677 patent, VIT is estopped (including but not limited to, prosecution history estoppel) from asserting that FNA has directly or indirectly infringed any claim of the '677 patent in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents.

### Fourth Defense
### (Laches)

VIT's claim against FNA is barred, in whole or in part, by 35 U.S.C. § 286 and/or the doctrine of laches.

### Fifth Defense
### (Limitation on Damages)

VIT is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

### Sixth Defense
### (Assertion of an Invalid Claim)

VIT is barred from recovering costs associated with this action under 35 U.S.C. § 288.

### Seventh Defense
### (Lack of Entitlement to Attorney's Fees)

VIT cannot prove that this is an exceptional case justifying an award of attorney's fees against FNA pursuant to 35 U.S.C. § 285.

### Eighth Defense
### (Failure to State a Claim)

VIT has failed to state a claim on which relief may be granted.

### Ninth Defense
### (No Willful Infringement)

FNA has not willfully or deliberately infringed any claim of the '677 patent.

### Tenth Defense
### (No Injunctive Relief)

To the extent VIT seeks a preliminary or permanent injunction, such an injunction would be improper in this case because, on information and belief: (a) VIT has not suffered irreparable injury; (b) adequate remedies at law exist to compensate VIT for its alleged injury; (c) the balance of hardships between VIT and FNA strongly favors FNA; and (d) the granting of injunctive relief to VIT would not serve the public interest.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim Plaintiff Ferrari North America, Inc. ("FNA") alleges:

1. This is a declaratory judgment action seeking a declaration of noninfringement and/or invalidity of United States Patent No. 6,842,677 ("the '677 patent").

2. On information and belief, the Patent Office issued the '677 patent, entitled "Vehicle User Interface System and Method" on January 11, 2005. On information and belief, VIT is the current assignee of the '677 patent.

## PARTIES

3. Ferrari North America, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 250 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

4. On information and belief, VIT is a Delaware limited liability company. VIT has appointed Incorp Services, Inc., 1201 Orange Street, Suite 600, One Commerce Center, Wilmington, DE 19899 as its registered agent.

## JURISDICTION AND VENUE

5. These claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. FNA seeks declaratory relief, i.e., a declaration that: (a) the '677 patent is not infringed; and (b) the '677 patent is invalid. Thus, FNA asserts substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

6.      This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a), 2201, and 2202.

7.      This Court has personal jurisdiction over VIT because VIT has consented to jurisdiction by bringing suit against FNA in this district.

8.      Venue is proper because the matters alleged arise from VIT's Complaint.

## FACTUAL BACKGROUND

9.      VIT alleges ownership of the '677 patent.

10.     On October 5, 2012, VIT filed a Complaint in this Court, charging FNA with infringement of the '677 patent. Count I in the Complaint alleges that FNA has been and is infringing the '677 patent.

11.     VIT, by such actions, has created an actual and justiciable case or controversy between VIT and FNA concerning whether the '677 patent is valid, as well as whether FNA infringes upon any valid claim or claims of the '677 patent.

## COUNT I
### (Declaratory Judgment of Noninfringement of the '677 Patent)

12.     FNA repeats and incorporates by reference each paragraph of these counterclaims.

13.     VIT has asserted the '677 patent against FNA. VIT maintains—and FNA denies—that the '677 patent covers any product of FNA.

14. FNA's products do not infringe any valid claim of the '677 patent in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents.

15. Thus, FNA has not infringed and will not infringe the '677 patent by making, using, selling, offering for sale, marketing, or importing any of its products.

16. FNA and VIT have adverse legal interests, and there is a substantial controversy between FNA and VIT of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the noninfringement of the '677 patent.

17. FNA is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of its products, including the 458 Spider, do not infringe the '677 patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '677 Patent)

18. FNA repeats and incorporates by reference each paragraph of these counterclaims.

19. The '677 patent and each of its claims are invalid under 35 U.S.C. §§ 101 *et seq*. 101, 102, 103, 112, and/or 116.

20. VIT maintains—and FNA denies—that the '677 patent is valid.

21. An actual case or controversy has arisen between VIT and FNA regarding the validity of the '677 patent.

22. A declaration of rights is both necessary and appropriate to establish that the '677 patent is invalid under 35 U.S.C. §§ 101 *et seq.* including §§ 101, 102, 103, 112, and/or 116.

## REQUEST FOR JURY TRIAL

FNA requests a trial by jury under Federal Rule of Civil Procedure 39.

## PRAYER FOR RELIEF

WHEREFORE, FNA respectfully requests judgment in its favor against Plaintiff-Counterclaim Defendant VIT as follows:

    a.    Denying each request for relief made by VIT;

    b.    Declaring the '677 patent not infringed by any of FNA's products and not infringed by the making, using, selling, offering for sale, marketing, or importation of any of FNA's products;

    c.    Declaring the '677 patent and all of its claims invalid;

    d.    Enjoining VIT, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with VIT from threatening to assert or otherwise attempting to enforce the '677 patent against FNA, its customers, suppliers, or anyone in privity with FNA;

    e.    Adjudging that this case is exceptional in accordance with 35 U.S.C. § 285 and awarding FNA its attorney's fees;

    f.    Awarding FNA the costs of this suit, including reasonable attorney's fees; and

    g.    Awarding FNA such other relief as the Court deems just and proper.

| | |
|---|---|
| *OF COUNSEL*: <br> Edgar Haug <br> Eugene LeDonne <br> Laura Fanelli <br> FROMMER LAWRENCE & HAUG LLP <br> 745 Fifth Avenue <br> New York, New York  10151 <br> (212) 588-0800 <br> ehaug@flhlaw.com <br> eledonne@flhlaw.com <br> lfanelli@flhlaw.com <br><br> Dated: November 29, 2012 | */s/ Jason J. Rawnsley* <br> Frederick L. Cottrell, III (#2555) <br> Jason J. Rawnsley (#5379) <br> RICHARDS, LAYTON & FINGER, P.A. <br> 920 North King Street <br> Wilmington, Delaware 19801 <br> (302) 651-7700 <br> cottrell@rlf.com <br> rawnsley@rlf.com <br><br> *Attorneys for Defendant Ferrari North America, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2012, I caused to be filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification to counsel of record, and have caused copies of the foregoing to be served on the counsel listed below in the manner indicated:

| VIA ELECTRONIC MAIL | VIA ELECTRONIC MAIL |
|---|---|
| Joseph J. Farnan<br>Brian E. Farnan<br>Farnan LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>farnan@farnanlaw.com<br>bfarnan@farnanlaw.com | Alexander C.D. Giza<br>Marc A. Fenster<br>Russ, August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025-1031<br>(310) 826-7474<br>agiza@raklaw.com<br>mfenster@raklaw.com |

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com

RLF1 7626103v.1