**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE INTERFACE TECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>FERRARI NORTH AMERICA, INC.,<br>Defendant. | C.A. No. 12-cv-01283-RGA |
| VEHICLE INTERFACE TECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY,<br>Defendant. | C.A. No. 12-cv-01284-RGA |
| VEHICLE INTERFACE TECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br>Defendant. | C.A. No. 12-cv-01285-RGA |
| VEHICLE INTERFACE TECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>PORSCHE CARS NORTH AMERICA, INC.,<br>Defendant. | C.A. No. 12-cv-01286-RGA |

**SCHEDULING ORDER**

This 14th day of January, 2013, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1 (b) with Vehicle Interface Technologies, LLC ("Plaintiff") and Defendants in each of the four (4) above-captioned cases, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before February 14, 2013. The parties' initial disclosures shall further comply with Provision 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Standard").

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties shall be filed on or before May 17, 2013. Motions to join other parties filed after May 17, 2013 shall only be granted for good cause or when justice so requires. All motions to otherwise amend or supplement the pleadings shall be filed on or before December 12, 2013. Motions to otherwise amend or supplement the pleadings filed after December 12, 2013 shall only be granted for good cause or when justice so requires.

3. Discovery Coordination.

a. The parties propose to coordinate discovery in the four (4) above-captioned cases where practicable. These four cases are (1) *Vehicle Interface Technologies, LLC v. Ferrari North America, Inc.*, C.A. No. 12-cv-01283-RGA; (2) *Vehicle Interface Technologies, LLC v. Ford Motor Company*, C.A. No. 12-cv-01284-RGA; (3) *Vehicle Interface Technologies, LLC v. Jaguar Land Rover North America, LLC*, C.A. No. 12-cv-01285-RGA; and (4) *Vehicle Interface Technologies, LLC v. Porsche Cars North America, Inc.*, C.A. No. 12-cv-01286-RGA. Although

proposing to coordinate discovery in these four (4) cases where practicable, the parties agree that these cases should proceed to trial separately.

b. Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain.

c. For purposes of counting discovery requests and deposition hours, all Defendants in a single case count as a single Defendant.

d. Except as modified below, or by subsequent Order, the Default Standard shall apply to each of the above-captioned cases.

4. Initial Discovery in Patent Litigation.

a. On or before February 15, 2013, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, processes, methods, acts or other instrumentalities ("Accused Instrumentalities") of each Defendant and the asserted patent(s) allegedly infringed by each Defendant, and produce the file history for each asserted patent.

b. On or before April 1, 2013, each Defendant shall produce to Plaintiff core technical documents related to the Accused Instrumentalities applicable to each Defendant, including but not limited to operation manuals, product literature, schematics, and specifications.

5. Infringement Contentions. Paragraph 4(c) of the Default Standard is modified as follows: On or before May 16, 2013, Plaintiff shall provide to Defendants an initial claim chart relating each Accused Instrumentality to the asserted claims that each instrumentality allegedly infringes.

6. Invalidity Contentions. Paragraph 4(d) of the Default Standard is modified as

follows: On or before July 1, 2013, Defendants shall provide to Plaintiff their preliminary invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

7. Discovery.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before February 14, 2014. All expert discovery shall be completed on or before August 28, 2014.

b. Document Production. Document production shall be substantially complete by August 13, 2013. The date may be extended by written agreement between the parties or by order of the Court for good cause shown.

c. Requests for Admission. In each case, an unlimited number of requests for admission as to authenticity of documents are permitted. A maximum of 32 additional requests for admission are permitted in each case for Plaintiff, and a maximum of 32 additional requests for admission are permitted for each Defendant in each case.

d. Interrogatories. A maximum of 25 interrogatories are permitted in each case for Plaintiff, and a maximum of 25 interrogatories are permitted for each Defendant in each case.

e. Depositions.

i. Limitation on Hours for Fact Deposition Discovery. Plaintiff may take 70 hours of fact depositions in a single case for a total of 280 hours of fact depositions across all four (4) above-captioned cases,[1] with no more than seventy (70) hours to be taken of any one Defendant (i.e., no more than seventy (70) hours total deposition time collectively for a

[1] Should any of the four above-captioned cases be dismissed after the issuance of this Order, then the combined maximum of 280 total hours of fact depositions shall be reduced by 70 hours per each dismissed case. In no event shall Plaintiff have less than 70 total hours of deposition, nor shall a sole remaining defendant have less than 70 total hours of deposition in the event that all other defendants are dismissed.

Defendant in each case and its past or current officers, employees, and agents). Each defendant may take 70 hours of fact depositions. Each fact deposition is limited to a maximum of seven (7) consecutive hours, except for the fact deposition of the inventor, which is limited to a maximum of fourteen (14) hours. Third party depositions will count toward these limitations. Expert depositions will not count toward these limitations. Defendants will work in good faith to minimize the number of depositions of each of Plaintiff's fact witnesses. These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seventy-two (72) hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four (24) hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s). If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to

the Court through the discovery matters procedures set forth in this Order.

g. E-Mail Service. The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on both local and national counsel of that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

h. Privilege. The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent that they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or other exemption or immunity from production and are generated after the filing of the Complaints. All other withheld documents must be logged in full compliance with Fed. R. Civ. P. 26(b)(5)(A).

8. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty (20) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion

so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

9. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

10. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

11. Claim Construction Issue Identification. On or before July 16, 2013, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before July 30, 2013, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging the lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than August 22, 2013. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. Claim Construction Briefing. Plaintiff shall serve, but not file, its opening brief, not to exceed twenty (20) pages, on September 10, 2013. Defendants shall serve, but not file, their answering brief(s), not to exceed thirty (30) pages, on October 15, 2013. Plaintiff shall serve, but not file, its reply brief, not to exceed twenty (20) pages, on October 29, 2013. Defendants shall serve, but not file, their sur-reply brief(s), not to exceed ten (10) pages, on November 12, 2013. No later than November 19, 2013, the parties shall file a Joint Claim

Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]
1. Plaintiff's Opening Position.
2. Defendant's Answering Position.
3. Plaintiff's Reply Position.
4. Defendant's Sur-Reply Position.

B. [TERM 2]
1. Plaintiff's Opening Position.
2. Defendant's Answering Position.
3. Plaintiff's Reply Position.
4. Defendant's Sur-Reply Position.

etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

13. Hearing on Claim Construction. Beginning at 8:30 a.m. on January 3, 2014, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

14. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Rule 26(a)(2) disclosure of expert testimony is due on or before April 29, 2014. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 19, 2014. Reply expert reports from the party with the initial burden of proof are due on or before July 17, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert

reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before August 28, 2014.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

15. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 1, 2014. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

16. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. Trial Sequencing Conference. upon request of the parties, On a date to be announced, in about December 2014 the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial. The parties shall file a joint proposed statement setting forth their positions regarding trial sequencing and scheduling no later than 5:00 p.m. on the third business day before the date of the sequencing conference.

18. Pretrial Conference. On January 23rd, 2015, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

19. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine*

requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

21. Trial. The first matter will be scheduled for a 5 day jury trial beginning at 9:30 a.m. on February 2, 2015, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

23. Reliance Upon Advice of Counsel. If a defendant intends to rely upon advice of counsel as a defense to willful infringement, that defendant shall inform Plaintiff no later than 14 days after issuance of the Court's opinion on Claim Construction. Any such defendant shall further produce any of the opinions on which it intends to rely to plaintiff no later than 28 days after issuance of the Court's opinion on Claim Construction. Plaintiff shall have the opportunity

to conduct depositions and obtain written discovery relating to any such opinions even if the fact discovery date has passed and shall be entitled to supplement its expert reports based on such opinions and discovery. In addition, any defendant relying upon advice of counsel shall serve a privilege log identifying any other documents relating to the subject matter of the opinion(s) which the defendant is withholding on the grounds of attorney-client privilege or work product protection.

UNITED STATES DISTRICT JUDGE